**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Walker GUPTON, Jr., Defendant-Appellant.
No. 73-3726
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.
June 10, 1974.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Timothy A. Johnson, Jr., Clearwater, Fla. (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant was indicted under 18 U.S.C. § 1951 for threatening physical violence to the property of an airline in furtherance of a plan to obstruct interstate commerce by extortion.[1] Convicted and sentenced to the statutory maximum of 20 years, appellant appeals, alleging insufficient evidence and variance between the indictment and the proof. Because in this case the two issues merge, we treat them as one, and we affirm.

The indictment charges the appellant with "threaten[ing] physical violence . . . in furtherance of a plan to obstruct . . . commerce by extortion . . . ." To attack his conviction he sets up the following logical construct: (A.) under the pàrticular variant of the § 1951(a) crime charged, an indispensable element of the offense is a plan to obstruct commerce by extortion; (B.) the government's proof went to something else, to wit, a plan to make money; (C.) therefore there was a variance and insufficient evidence. The validity of appellant's construct depends upon an implied but unstated term. Since that term is wrong, the construct falls.

The unstated term is that the "plan to make money" proved by the government is something other than a plan to obstruct commerce by extortion. That proposition in turn rests upon the notion that a specific intent to obstruct commerce is a necessary element of a § 1951(a) plan. That is not the case. It is settled law that to prove a crime under the first clause of § 1951(a),[2] the government need not show that the accused set out with the specific conscious purpose or desire to obstruct commerce. United States v. Addonizio, 451 F.2d 49, 77 (CA3, 1972). We hold that a *plan* to obstruct by extortion, which the government must prove as a necessary element of a crime under the fourth clause of § 1951(a), need only be shown to be a plan to embark upon a course of extortionate behavior likely to have the natural effect of obstructing commerce. Since the government in the present case has amply proved such a plan,[3] the conviction appealed from is

Affirmed.

1. The indictment charged him with saying: "Are you the manager? We want $200,000. Will call back in one hour from this minute. If we don't get this money, your airplane will be blown out of the sky. If you don't pay it, the next time it will be a million."

2. "Whoever . . . obstructs . . . commerce . . . by . . . extortion . . . shall be fined . . . or imprisoned . . . or both."

3. Witness Sizemore, a friend and business associate of appellant, testified that appellant had "mentioned something about wanting to go in on calling an airline and making a bomb threat." Later, according to Sizemore, appellant had specifically said "[t]hat he was going to call the airlines and make the threat." Appellant went into some detail about what was to be done and Sizemore became convinced that appellant "was going to go through with it." Sizemore went to the police, and when appellant's plan eventuated in a telephoned threat, the police were waiting.